IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CDN INNOVATIONS, LLC,<br><br>      Plaintiff,<br><br>  v.<br><br>TOYOTA MOTOR CORPORATION, TOYOTA MOTOR NORTH AMERICA, INC., and TOYOTA MOTOR SALES, U.S.A., INC.,<br><br>      Defendants. | CIVIL ACTION<br><br>NO. _____<br><br>**Jury Trial Demanded** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff CDN Innovations, LLC ("Plaintiff") files this Complaint for Patent Infringement and states as follows:

**THE PARTIES**

1. Plaintiff is a limited liability company organized and existing under the laws of the State of Georgia, having its principal office at 44 Milton Ave., Suite 254, Alpharetta, GA 30009.

2. On information and belief, Defendant Toyota Motor Corporation ("TMC") is a corporation organized and existing under the laws of Japan. Upon information and belief, Defendant TMC does business in Texas and in this Judicial District, directly or through intermediaries.

3. On information and belief, Defendant Toyota Motor North America, Inc. ("TMNA") is a corporation organized and existing under the laws of California and having a principal office in this Judicial District located at 6565 Headquarters Drive, Plano, TX 75024. Upon information and belief, TMNA does business in Texas and in this Judicial District, directly

or through intermediaries. On information and belief, TMNA is a wholly owned subsidiary of TMC. On information and belief, TMNA is responsible for research and development, manufacturing, sales, offers for sale, marketing, importation, and distribution of automotive vehicles from TMC in the United States, including this District.

4. On information and belief, Defendant Toyota Motor Sales, U.S.A., Inc. ("TMS") is a corporation organized and existing under the laws of California and having a principal office in this Judicial District located at 6565 Headquarters Drive, Plano, TX 75024. Upon information and belief, TMS does business in Texas and in this Judicial District, directly or through intermediaries. On information and belief, TMS is responsible for sales, marketing, and distribution of automotive vehicles from TMC in the United States, including this District. On information and belief, TMS is a wholly owned subsidiary of TMC. On information and belief, TMS distributes TMC's vehicles in the United States and is the warrantor of TMC vehicles in the United States. *See* Exhibit C.

5. On information and belief, TMC, TMNA, and TMS have worked in concert and in orchestrated fashion in order to implement a distribution channel of infringing products within this District and the United States.

## JURISDICTION AND VENUE

6. This Court has exclusive subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a) on the grounds that this action arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., including, without limitation, 35 U.S.C. §§ 271, 281, 284, and 285.

7. This Court has personal jurisdiction over Defendants consistent with the requirements of the Due Process Clause of the United States Constitution and the laws of this State. For example, on information and belief, Defendants have, directly or through subsidiaries

or intermediaries, committed acts of patent infringement in this State and in this Judicial District as alleged in this Complaint. Moreover, on information and belief, Defendants have purposefully and voluntarily placed their products into the stream of commerce with the expectation that they will be purchased and used by customers located in this State. On information and belief, Defendants have committed acts of infringement in this State and this Judicial District.

8. Venue is proper in this Court with respect to TMC pursuant to 28 U.S.C. § 1391(c) because TMC is a foreign corporation.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1400(b) with respect to TMNA because it has committed acts of infringement and has a regular and established place of business in this Judicial District.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1400(b) with respect to TMS because it has committed acts of infringement and has a regular and established place of business in this Judicial District.

## FACTUAL BACKGROUND

**Plaintiff's Effort to Resolve Its Dispute with Defendants Outside of Court**

11. Plaintiff is owned by Brainbox Innovations, LLC. One of Plaintiff's sister entities, through its licensing agent, first contacted Toyota about its patent portfolio by correspondence dated April 1, 2025, informing Toyota about certain entities owned by Brainbox and their patent portfolios, including Plaintiff. The letter invited Toyota to engage in a dialogue regarding a license to the portfolio prior to any potential enforcement action.

12. Thereafter, Plaintiff's licensing agent had communications with Toyota regarding potential resolution, including providing a claim chart for the patent asserted in this action. However, the parties were unable to resolve their dispute.

**U.S. Patent No. 6,865,532**

13. Plaintiff is the owner by assignment of all right, title, and interest in and to United States Patent No. 6,865,532, entitled "Method for recognizing spoken identifiers having predefined grammars" ("the '532 patent"), including the right to sue for all past, present, and future infringement, which assignment was duly recorded in the USPTO.

14. A true and correct copy of the '532 patent is attached hereto as Exhibit A. The '532 patent is incorporated herein by reference.

15. The '532 patent issued from a patent application that was filed on September 19, 2001.

16. The '532 patent issued on March 8, 2005, after a full and fair examination by the USPTO, with 601 days of patent-term adjustment.

17. The '532 patent resulted from pioneering efforts of the inventor in the area of voice-operated communication devices, and more particularly the area of recognizing spoken identifiers. These efforts resulted in the development of a novel method for recognizing spoken identifiers having predefined grammars.

## COUNT I – INFRINGEMENT OF THE '532 PATENT

18. Plaintiff realleges and incorporates by reference the allegations set forth above, as if set forth verbatim herein.

19. Defendants have made, used, sold, offered for sale, and/or imported products that incorporate one or more of the inventions claimed in the '532 patent, including in internal testing and usage.

20. For example, Defendants have infringed at least claims 1 and 7 of the '532 patent, either literally or under the doctrine of equivalents, in connection with Defendants' systems and processes for selecting and recognizing spoken identifiers incorporated in Defendants' vehicles,

as detailed in the preliminary claim chart attached hereto as Exhibit B, which is incorporated herein by reference.

21. On information and belief, Defendants have performed all steps of these claims or, alternatively, to the extent a third party performed any step, Defendants conditioned the third party's use of the functionality of the accused instrumentalities described herein on the performance of that step. For example, on information and belief, a third party could not use the functionality of the accused instrumentalities without performance of the recited steps. Defendants also controlled the manner and/or timing of the accused functionality. In other words, for a third party to utilize the accused functionality, the recited steps had to be performed in the infringing manner. Otherwise, the accused functionality (and the corresponding benefit) would not have been available to third parties.

22. Defendants' infringing activities have been without authority or license under the '532 patent.

23. Because the asserted claims of the '532 patent are method claims, the marking requirement of 35 U.S.C. § 287 does not apply. Therefore, Plaintiff has complied with all applicable requirements of § 287 such that it is entitled to past damages for infringement.

24. Plaintiff has been damaged by Defendants' infringement of the '532 patent, and Plaintiff is entitled to recover damages for Defendants' infringement, which damages cannot be less than a reasonable royalty.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court find in its favor and against Defendants, and that the Court grant Plaintiff the following relief:

A. Entry of judgment that Defendants have infringed at least one claim of the '532 patent,

B. Damages in an amount to be determined at trial for Defendants' infringement, which amount cannot be less than a reasonable royalty, and an accounting of all infringing acts, including but not limited to those acts not presented at trial,

C. A determination that this case is exceptional, and an award of attorney's fees,

D. All costs of this action,

E. Pre-judgment and post-judgment interest on the damages assessed, and

F. Such other and further relief, both at law and in equity, to which Plaintiff may be entitled and which the Court deems just and proper.

This 5th day of February 2026.

/s/ Cortney S. Alexander
Cortney S. Alexander
  cortneyalexander@kentrisley.com
  Tel: (404) 855-3867
  Fax: (770) 462-3299
KENT & RISLEY LLC
5755 N Point Pkwy Ste 57
Alpharetta, GA 30022
Attorneys for Plaintiff